UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: _____

VITA TIPPETT,

        Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,
A LIBERIAN CORPORATION,
        Defendant.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, **VITA TIPPETT**, by and through her undersigned attorney, and hereby files her Complaint against Defendant, **ROYAL CARIBBEAN CRUISES LTD., A LIBERIAN,** and she states:

1. This is an action for damages that exceed $75,000.00, exclusive of attorney's fees and costs.

2. Plaintiff, at all material times, was and is a resident of Hernando County, Florida and at all times material was a passenger on board a passenger cruise ship, ROYAL CARIBBEAN CRUISES LTD.'s ENCHANTMENT OF THE SEAS .

3. At all times material hereto, Defendant ROYAL CARIBBEAN CRUISES, LTD., was a Liberian corporation licensed to conduct business in the State of Florida, and did conduct business in Florida as ROYAL CARIBBEAN CRUISES LTD., A LIBERIAN CORPORATION, providing cruise ship voyages to paying passengers, and owned and/or operated a cruise ship known as the MS ENCHANTMENT OF THE SEAS.

4. Jurisdiction is proper in this Court under 28 U.S.C. 1333, which provides original jurisdiction to United States District Courts exclusive of state courts of "any civil case of

admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they may be entitled", and pursuant to Article III, Section 2 of the U.S. Constitution.

5. Venue in the United States District Court for Southern District of Florida is appropriate pursuant to the forum selection clause contained in the passenger ticket between Plaintiff and ROYAL CARIBBEAN CRUISES LTD., under which Plaintiff was traveling at the time of the incident on the Defendant's ENCHANTMENT OF THE SEAS.

6. Plaintiff traveled pursuant to a passenger ticket with ROYAL CARIBBEAN LTD. a copy of said cruise ticket is in the possession of ROYAL CARIBBEAN CRUISES LTD.

7. On February 19, 2015, Plaintiff, VITA TIPPETT, was in an elevator located in the subject vessel traveling to the ground floor of the vessel.

8. At all times material on February 19, 2015, Plaintiff occupied the status of an invitee/passenger on the subject vessel.

9. As the Defendant's elevator was moving from the 11th floor toward the ground floor, the elevator suddenly jolted and dropped several floors before coming to a hard, abrupt stop, at the 6th floor. The elevator door did not open and the elevator then proceeded to the 5th floor, whereupon the elevator door opened.

10. Defendant negligently and carelessly created a dangerous, hazardous and unsafe condition for persons traveling in their elevator and/or permitted this condition to exist after the Defendant knew or should have known the condition existed and was dangerous, hazardous and unsafe.

11. On February 19, 2015, Plaintiff suffered severe and disabling injuries as a result of the sudden jolt, unexpected precipitous drop, and then abrupt stop of the elevator as described above.

12. Defendant anticipated or should have anticipated the harm to Plaintiff and failed to take reasonable measures to correct this dangerous condition.

13. The above-described dangerous, hazardous and unsafe condition on the subject premises created an unreasonable risk of harm to Plaintiff.

## **COUNT I – NEGLIGENCE AGAINST ROYAL CARIBBEAN CRUISES LTD., A LIBERIAN CORPORATION**

14. Plaintiff readopts and re-alleges paragraphs 1-13, as if set forth fully herein.

15. Defendant, ROYAL CARIBBEAN CRUISES LTD., owed a duty of reasonable care under the circumstances to Plaintiff, VITA TIPPETT, and other <u>ENCHANTMENT OF THE SEAS</u> passengers utilizing the Defendant's elevator.

16. At all times material hereto, the Defendant's actions presented a known foreseeable and unreasonable risk of harm to the Plaintiff, VITA TIPPETT.

17. Defendant breached its duties owed to the Plaintiff, by, without limitation:

(a) Failing to provide a safe, properly maintained elevator;

(b) Failing to maintain its premises in a reasonably safe condition, free of hazards to VITA TIPPETT;

(c) Failing to adequately inspect its premises for the purposes of detecting any dangerous or unsafe conditions and to correct or otherwise guard against such conditions;

(d) Failing to properly inspect, or cause the proper inspection of, the elevator equipment involved;

(e) Failing to secure proper maintenance and service of the elevator equipment, or otherwise correct the defective conditions that existed or that Defendant should have known, by the use of reasonable care, existed at the time of the injury;

(f) Failing to maintain the elevator equipment and not allow it to become and remain in a defective condition so that the elevator would suddenly and without warning malfunction; and

(g) Failing to warn passengers, such as VITA TIPPETT, of the dangerous condition which Defendant knew existed or by the use of reasonable care should have known existed at the time of injury.

(h) Failing to follow its own internal operating procedures regarding review and maintenance of its elevators on this vessel;

(i) Failing to adequately train and supervise its employees in the proper keeping of a reasonable record of its inspection and maintenance of its elevators on this vessel;

(j) Failing to adopt policies, procedures, and timelines for the orderly and safe application of elevator inspection and maintenance;

(k) Failing to train its crew in risk assessment and safe practices;

(l) Failing to comply with its own internal policies and procedures as established by the ISM Code, SMS, SQM and other internal operational procedures required by the ISM Code, SOLAS, all applicable health, building and safety codes and ordinances in accordance with 33 CFR 96.100 et. seq., 46 USC Section 3201 et. seq. and all Rules and Regulations, including but not limited to all relevant NVIC's of the United States Coast Guard.

18. Because the duty of the Defendant is non-delegable, the Defendant is directly liable for any breach thereof by any vendor or third party.

19. In addition, Plaintiff is entitled to an inference of negligence against Defendant under the doctrine of *res ipsa loquitur* because Defendant had exclusive control and/or right of

control over the subject elevator and the incident is one that would not, in the ordinary course of events, have occurred without negligence on the part of the one in control; namely, this Defendant.

20.    As a direct and proximate result of Defendant's negligence, Plaintiff, VITA TIPPETT, suffered bodily injuries and resulting pain and suffering, physical and mental pain and anguish, permanent scarring and disfigurement, disability, loss of capacity for the enjoyment of life, expense of hospitalization, loss of earnings, loss of the ability to earn money and expenses for physical therapy, and medical and nursing expenses. Said losses are either permanent or continuing in nature and Plaintiff will suffer these losses in the future.

**WHEREFORE**, Plaintiff, VITA TIPPETT, demands judgment for the stated damages, interest and costs against Defendant, ROYAL CARIBBEAN CRUISES LTD., A LIBERIAN CORPORATION, and any such other relief to which the Plaintiff may be justly entitled.

Respectfully submitted this 16th day of February, 2016.

> */s/ Frank D. Butler*
> Frank D. Butler, Esquire
> FBN: 940585
> Frank D. Butler, P.A.
> 10550 U.S. Hwy. 19 North
> Pinellas Park, FL  33782
> Tel: (727)399-2222
> Fax: (727)399-2202
> fdblawfirm@aol.com
> Counsel for Plaintiff